| | |
|---|---|
| DISTRICT COURT<br>BOULDER COUNTY, COLORADO<br>1777 6th Street<br>Boulder, CO 80302<br><br>**PLAINTIFFS:** KERRI SHEEHY, DEAN BEACOM, and TAYLOR ARCHULETA on their own behalf and on behalf of all others similarly situated,<br><br>v.<br><br>**DEFENDANT:** INTERMOUNTAIN HEALTH CARE INC. | DATE FILED<br>February 14, 2025 10:36 AM<br>FILING ID: FB8349D24917B<br>CASE NUMBER: 2025CV30133<br><br><br><br>☐   COURT USE ONLY   ☐ |
| Attorney for Plaintiffs:<br>Brandt Milstein, Atty. Reg. # 42866<br>MILSTEIN TURNER, PLLC<br>2400 Broadway, Suite B<br>Boulder, CO 80304<br>Phone Number: 303.440.8780<br>brandt@milsteinturner.com | Case Number:<br><br><br><br><br>Ctrm/Div: |
| **CLASS ACTION COMPLAINT FOR UNPAID WAGES** ||

Plaintiffs, by and through undersigned counsel, on their own behalf and on behalf of all others similarly situated, file this Class Action Complaint for Unpaid Wages against the above-named Defendant to recover wages due.

## STATEMENT OF THE CASE

1. Defendant is a large health care organization that operates four hospitals and numerous other facilities in Colorado. Defendant employs thousands of hourly health care and other workers.

2. Defendant failed to include holiday incentive pay in its calculation of its employees' overtime rates, and took a credit toward overtime compensation to which Defendant was not entitled.

3. Defendant thus violated the Colorado Minimum Wages of Workers Act, C.R.S. § 8-6-101 *et seq.*, as implemented by the Colorado Overtime and Minimum Pay Standards Order ("COMPS"), 7 CCR 1103-1.

4. Defendant also violated the Colorado Wage Claim Act ("CWCA"), C.R.S. §§ 8-4-101, *et seq.*, which requires employers to timely pay their employees all earned, vested and determinable wages and imposes penalties on employers who do not tender wages due upon receipt of a written demand for such wages.

5. Plaintiffs seek, on their own behalf and on behalf of all others similarly situated, actual damages, penalties, pre- and post-judgment interest, and attorney fees and costs for Defendant's violations of Colorado wage law.

**PARTIES, JURISDICTION, AND VENUE**

6. Plaintiff Kerri Sheehy has been employed by Defendant as an hourly nurse since approximately June, 2022, through the present.

7. Plaintiff Dean Beacom has been employed by Defendant as an hourly nurse since approximately 2011, through the present.

8. Plaintiff Taylor Archuleta has been employed by Defendant as an hourly nurse since approximately August, 2020, through the present.

9. Defendant Intermountain Health, Inc. is a registered foreign nonprofit corporation with its principal office street address at 36 South State Street, Suite 2200, Salt Lake City, UT 84111.

10. This Court has jurisdiction over Defendant pursuant to C.R.S. § 13-1-124 because Defendant transacts business in this state.

11. This Court has jurisdiction over the subject matter of this action pursuant to C.R.S. § 8-6-118, CCR 1103-1(8.1(A)), and C.R.S. § 8-4-109.

12. Venue in this Court is proper pursuant to Colo. R. Civ. P. 98 because Defendant resides in Boulder county.

**FACTUAL ALLEGATIONS**

13. Defendant employed Plaintiffs and those similarly situated in hourly health care and other positions in Defendant's four hospitals and multiple other facilities around Colorado.

14. Contrary to law, Defendant failed to include holiday shift differential payments when it calculated its employees' overtime hourly rates.

15. In fact, it is Defendant's stated, company-wide, and unlawful policy that "[s]ince premiums are compensated at one and one half times an associate's base hourly rate they do not apply towards the adjusted rate calculation of overtime" and that "Holiday Premium Pay will not be included in the adjusted rate calculation for overtime."

16. Defendant also unlawfully took a credit against the overtime hours due to its hourly employees by deducting from the total of overtime hours due those hours worked at the holiday premium rate.

17. For example, during the December 22, 2024 through December 28, 2025 workweek, Plaintiff Sheehy worked a total of 49.77 hours, but was only paid 1.76 hours of overtime because Defendant took a credit against its overtime payment obligations for the holiday premium hours Plaintiff worked on Christmas day.

18. Defendant uniformly subjected all its hourly employees to the same policies and practices of non-inclusion of holiday premium pay in the calculation of the overtime rate, and of taking an unlawful credit against overtime hours accumulated and due.

19. At all times relevant to this action, Defendant employed persons, including Plaintiffs and the Members of the Class they seek to represent, within the State of Colorado.

20. At all times relevant to this action, Plaintiffs and all others similarly situated performed labor for the benefit of Defendant wherein Defendant commanded when, where, and how much labor Plaintiffs and others were to perform.

## **RULE 23 CLASS ALLEGATIONS AS TO THE FIRST CLAIM**

21. Plaintiffs assert their First Claim, brought under the COMPS, as a C.R.C.P. Rule 23 class action, on their own behalf and on behalf of a Class for which Plaintiffs seek certification.

22. Pending any modifications necessitated by discovery, Plaintiffs preliminarily define the Class as follows:

> All Colorado hourly employees who worked on or after February 14, 2019 who worked overtime and holiday hours in the same workweek.

23. This action is properly brought as a class action for the following reasons.

24. All Defendant's hourly employees were subject to Defendant's policy of non-inclusion of holiday premium pay in the calculation of the overtime rate, and of taking an unlawful credit against overtime hours due. Only those who were subject to the policy are Members of the putative Class.

25. The class is so numerous that joinder of all the potential Class Members is impracticable. Plaintiffs do not know the exact size of the Class because that information is within the control of Defendant. However, Plaintiffs believe and allege that the number of Class Members is in the 10,000 – 20,000 persons range. Membership in the class is readily ascertainable from Defendant's employment records.

26. Numerous questions of law and fact regarding the liability of Defendant are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include whether Defendant failed to include holiday premium rates in the calculation of overtime hourly rates, whether Defendant took a credit against overtime hours due for hours paid at the holiday premium rate, and whether these practices were lawful.

27. The claims asserted by Plaintiffs are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer miscalculating the overtime rate and the number of overtime hours due. The claims at issue arise from a policy applicable to all Members of the Class. Each Member of the Class suffered the same violations that Plaintiffs challenge with their claims. If Defendant's policies were unlawful as applied to the representative Plaintiffs, they were unlawful as applied to the absent Members of the putative Class.

28. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

29. The representative Plaintiffs will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendant, the interests of absent Class Members are coincident with, and not antagonistic to, those of the representative Plaintiffs. The representative Plaintiffs will litigate the Class's claims fully.

30. The representative Plaintiffs are represented by counsel experienced in wage and hour class action litigation.

31. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendant.

32. Those Class Members who worked for Defendant for short periods of time have small claims that they are unlikely to bring individually. All Members of the Class have claims that are factually very similar and legally identical to Plaintiffs'. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the COMPS counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

33. Plaintiffs are unaware of any Members of the putative Class who are interested in presenting their claims in a separate action.

34. Plaintiffs are aware of no pending litigation commenced by Members of the Class concerning the instant controversy.

35. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

36.  The contours of the Class will be easily defined by reference to payroll documents that Defendant was legally required to create and maintain. 7 CCR 1103-1 (7.1); 29 C.F.R. § 516.2. Notice will be easily distributed because all Members of the putative Class are or were recently employed by Defendant and Defendant was required to create and maintain records containing the mailing addresses of each Class Member.

### FIRST CLAIM – Miscalculation of the Overtime Rate and Miscalculation of Overtime Hours Due
### Violation of the COMPS, 7 CCR 1103-1

1.  Plaintiffs repeat and reallege each of the allegations above as if fully set forth herein.

2.  Plaintiffs assert this count on their own behalf and on behalf of all others similarly situated. C.R.C.P. Rule 23.

3.  Defendant was Plaintiffs' and others' "employer" as that term is defined by the COMPS. 7 CCR 1103-1(1.6).

4.  Plaintiffs and others were Defendant's "employees" as that term is defined by the COMPS because they performed labor for the benefit of Defendant. 7 CCR 1103-1(1.5).

5.  Defendant violated the COMPS when it miscalculated the overtime rate to be paid to its employees and when it took a credit against overtime hours worked by its employees. 7 CCR 1103-1.

6.  Plaintiffs and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

7.  Plaintiffs and others are entitled to recover unpaid wages, attorney fees and costs of the suit.  C.R.S. § 8-6-118; 7 CCR 1103-1(8.1(A)).

### SECOND CLAIM –Failure to Pay All Earned, Vested and Determinable Wages
### Violation of the CWCA (C.R.S. § 8-4-101, *et seq*.)

1.  Plaintiffs repeat and reallege each of the above allegations as if fully set forth herein.

2.  Plaintiffs asserts this count on their own behalf and on behalf of all others similarly situated. C.R.C.P. Rule 23.

3.  Defendant was Plaintiffs' and others' "employer" as that term is defined by the CWCA because it employed Plaintiffs and others in Colorado. C.R.S. § 8-4-101(6).

4.  Plaintiffs and others were Defendant's "employees" as that term is defined by the CWCA because they performed labor for the benefit of Defendant.  C.R.S. § 8-4-101(5).

5. Defendant violated the CWCA when it failed to pay all wages due. C.R.S. § 8-4-103(6).

6. Defendant incurred penalties under the CWCA if it failed to tender wages due within 14 days of receipt of Plaintiffs' demand for all wages due to them and to those similarly situated. C.R.S. § 8-4-109.

7. Plaintiffs and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

8. Plaintiffs and others are entitled to recover in a civil action all earned, vested and determinable wages owed to them, statutory penalties and attorney fees and costs of suit. C.R.S. § 8-4-109; C.R.S. § 8-4-110.

**WHEREFORE**, Plaintiffs pray, as to their FIRST CLAIM brought pursuant to the COMPS, that:

    a. This action be certified as a class action pursuant to C.R.C.P. Rule 23;

    b. They be certified as the Class representatives;

    c. Undersigned counsel be appointed Rule 23 Class counsel;

    d. Prompt notice of this litigation be sent to all putative Class members;

    e. They and the Class be awarded the wages they are due, together with attorney fees and costs of suit;

    f. They be awarded service awards in recognition of their work as representatives of the Class; and

    g. They and the Class be awarded such other and further relief as may be necessary and appropriate.

And, as to their SECOND CLAIM brought pursuant to the CWCA, that:

    a. This action be certified as a class action pursuant to C.R.C.P. Rule 23;

    b. They be certified as the representatives of the Class;

    c. Undersigned counsel be appointed Rule 23 Class counsel;

    d. Prompt notice of this litigation be sent to all putative Class members;

  e. They and the Class members be awarded the wages earned, vested and determinable wages they are due;

  f. They and the Class members be awarded statutory penalties;

  g. They and the Class members be awarded attorney fees and costs of suit;

  h. They be awarded service awards in recognition of their work as representatives of the Class; and

  i. They and the Class be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted this 14th day of February, 2025 by:

        *s/ Brandt Milstein*
        MILSTEIN TURNER, PLLC
        2400 Broadway, Suite B
        Boulder, CO 80304
        303.440.8780
        brandt@milsteinturner.com

        *Attorney for Plaintiffs*