**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-00914-RMR-SBP

KERRI SHEEHY, DEAN BEACOM, AND TAYLOR ARCHULETA, ON THEIR OWN BEHALF AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

    Plaintiffs,

v.

INTERMOUNTAIN HEALTH CARE INC.,

    Defendant.

---

**DEFENDANT'S PARTIAL MOTION TO DISMISS**

Defendant Intermountain Health Care Inc. ("Intermountain"), by and through its undersigned counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., submits its Partial Motion to Dismiss the First Amended Complaint (the "Amended Complaint," Dkt. #26) filed by Plaintiffs Kerri Sheehy, Dean Beacom, and Taylor Archuleta ("Plaintiffs"), stating as follows:[1]

---

[1] The filing of a partial motion to dismiss for failure to state a claim for relief enlarges the applicable time for serving an answer or other responsive pleading to unchallenged claims, as prescribed by Federal Rule of Civil Procedure 12(a)(4). *See, e.g., Kent v. Geren*, No. CIV.A. 07-CV-02202-ZLW-MJW, 2008 WL 150060, at *1 (D. Colo. Jan. 11, 2008) (holding responsive pleading is not due until after ruling on partial motion to dismiss); *Kachadoorian v. United Airlines, Inc.*, No. 18-cv-01205-RBJ, 2019 WL 1953399, at *4 n.3 (D. Colo. May 2, 2019) (holding defendant is not required to answer complaint until the court rules on motion for partial dismissal); *Amann v. Office of Utah Attorney Gen.*, No. 2:18-cv-00341, 2021 WL 6125826, at *1 (D. Utah Dec. 28, 2021) (noting that defendant filed a partial motion to dismiss and then filed an answer to the remaining claims after the court ruled on the motion); *Strobel v. Rusch*, No. CIV 18-0656 RB/JFR, 2020 WL 3893071, at *2-3 (D.N.M. July 10, 2020) ("the Court sides with the majority of

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1(a), on May 5, 2025, undersigned counsel for Defendant conferred with Plaintiffs' counsel regarding the relief sought in this Partial Motion to Dismiss. Plaintiffs' counsel stated Plaintiffs oppose the relief sought herein.

## I.   INTRODUCTION

As the name suggests, to assert a claim under the Colorado Minimum Wage Act ("CMWA"), Colo. Rev. Stat. Ann. § 8-6-101 *et seq*., a plaintiff must allege they were not paid the minimum wage for hours worked. Plaintiffs filed their Amended Complaint on April 30, 2025,[2] alleging Intermountain failed to include holiday incentive pay in its calculation of overtime and took a credit toward overtime compensation in violation of the CMWA and its implementing regulations, the Colorado Overtime and Minimum Pay Standards Order ("COMPS"), 7 Colo. Code Reg. 1103-1 (the "First Claim"). However, Plaintiffs' Amended Complaint remains devoid of any allegation that Intermountain failed to pay the minimum wage to the named Plaintiffs (or any putative class members). Plaintiffs' First Claim is premised <u>entirely</u> on the allegations that Intermountain miscalculated Plaintiffs' overtime rate and failed to pay overtime. This Court has held that such allegations cannot support a claim under the CMWA. Therefore, and as set forth in further detail below, Plaintiffs' First Claim for relief under the CMWA and its implementing regulations must be dismissed with prejudice for failure to state a claim.

---

district courts" and tolls the deadline to respond to the complaint pending partial motion to dismiss).

[2] Plaintiffs filed their original Complaint in the District Court, Boulder County, Colorado. Defendant timely removed the Complaint to Federal Court on March 20, 2025. (Dkt. #1.)

## II.    PLAINTIFFS' ALLEGATIONS[3]

Plaintiffs allege they are employed by Intermountain as hourly nurses. (Am. Compl. ¶¶ 7-9.) Plaintiffs also allege Intermountain "failed to include holiday incentive pay in its calculation of its employees' overtime rates, and it took a credit toward overtime compensation to which Defendant was not entitled." (*Id.* at ¶¶ 2, 17-21, 73.) Based on those facts alone, Plaintiffs assert Intermountain "violated the Colorado Minimum Wages of Workers Act, C.R.S. § 8-6-101, *et seq*., as implemented by the Colorado Overtime and Minimum Pay Standards Order." (*Id.* at ¶ 3.)

## III.    ARGUMENT

### A. Plaintiffs' Amended Complaint Must State a Claim That Is Plausible on Its Face.

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates dismissal of a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, Plaintiffs have the burden of crafting a complaint that contains "enough allegations of fact to state a claim to relief that is plausible on its face." *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8. Facial plausibility exists when a complaint has sufficient factual content to enable the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See*

---

[3] Intermountain denies Plaintiffs' Amended Complaint allegations in their entirety but acknowledges that "[a] court reviewing the sufficiency of a complaint assumes the truth of all well pleaded facts in the complaint, and draws all reasonable inferences therefrom in the light most favorable to the plaintiffs." *Flowers v. Life Ins. Co. of N. Am.*, 781 F. Supp. 2d 1127, 1133 (citing *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007)).

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "sheer possibility that the defendant has acted unlawfully" is insufficient. *Id.*

Further, "the tenet that a Court must accept as true all of the allegations contained in a Complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Thus, the Court must disregard "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555, 557. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Rather, Plaintiffs must plead sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

As set forth below, Plaintiffs' First Claim falls significantly short of this standard.

### B. Plaintiffs Fail to State a Claim Under the CMWA.

Plaintiffs' First Claim asserting a violation of the CMWA and its implementing regulations must be dismissed because Plaintiffs fail to allege Intermountain did not pay the minimum wage for time worked. The CMWA provides that "[t]he minimum wages fixed by the director . . . are the minimum wages paid to the employees, and the payment to such employees of a wage less than the minimum so fixed is unlawful[.]" Colo. Rev. Stat. Ann. § 8-6-116. Accordingly, the CMWA authorizes a private right of action for a claim seeking to recover <u>only</u> the state-mandated minimum wage. *Levine v. Vitamin Cottage Nat. Food Mkts. Inc*., No. 20-cv-00261-STV, 2022 WL 22865047, at *2 (D. Colo. Sept. 19, 2022). To establish a claim under the CMWA, "a plaintiff must allege facts

4

demonstrating that he or she worked hours for which he or she was not paid the minimum rate set forth in the statute." *Thapa v. Patriot Inv. LLC*, 22-cv-02178-KLM, 2023 WL 3865761, at *3 (D. Colo. June 7, 2023).

Here, Plaintiffs allege "Defendant failed to include holiday incentive pay in its calculation of its employees' overtime rates, and it took a credit toward overtime compensation to which Defendant was not entitled. . . Defendant thus violated the [CMWA]." (Am. Compl. ¶¶ 2-3, 17-21, 73.) Plaintiffs do not allege Intermountain failed to pay minimum wage for hours worked. In fact, Plaintiffs do not even mention the term "minimum wage" in the Amended Complaint except when identifying the CMWA by name. (*See generally* Am. Compl.)

This Court has held that allegations premised on a failure to pay overtime, such as these, cannot support a CMWA claim. In *Levine v. Vitamin Cottage Natural Food Markets Inc.*, plaintiff brought three claims for relief seeking unpaid overtime wages, including a claim under the CMWA. 2022 WL 22865047, at *1. Defendant filed a motion to dismiss the CMWA claim, arguing plaintiff failed to state a claim for relief under the CMWA because the CMWA "only applies to alleged violations of the applicable minimum wage, not purely overtime claims." *Id*. The Court agreed, holding the CMWA and minimum wage orders authorize a private right of action for a claim seeking to recover only the legal minimum wage. *Id.* at *4-5. Because the complaint did "not contain any allegations suggesting that Defendant violated that minimum wage of $10.20 in 2018 or $11.10 in 2019," the Court held plaintiff failed to state a claim for violation of the CMWA and dismissed the claim. *Id.* at *3-5. In so holding, the Court noted "the CMWA only allows

5

a private cause of action for payments of less than the legal minimum wage, Colo. Rev. Stat. § 8-6-118, and the Colorado Constitution, the CMWA, and the Director all define 'minimum wage' without reference to the overtime provisions of the Minimum Wage or COMPS Orders." *Id*. at *4.

*Levine* is squarely on point with the present matter. Plaintiffs have not alleged (and cannot allege in good faith) that Intermountain failed to pay the minimum wage at any time. Rather, the Amended Complaint is premised entirely on claims related to overtime violations, which are not recoverable under the CMWA. Simply put, Plaintiffs have not pled facts sufficient to state a claim for relief based on a violation of the CMWA that is plausible on its face. Accordingly, Plaintiffs' First Claim must be dismissed with prejudice.

## IV.  **CONCLUSION**

Plaintiffs' Amended Complaint does not plausibly allege a claim for a failure to pay the minimum wage under the CMWA; therefore, the Court should dismiss Plaintiffs' First Claim with prejudice.

Respectfully submitted this 14th day of May, 2025.

             OGLETREE, DEAKINS, NASH, SMOAK
             & STEWART, P.C.

             *s/ Jason N.W. Plowman*
             Marielle A. Moore
             Rebecca M. Lindell
             2000 South Colorado Boulevard
             Tower Three, Suite 900
             Denver, CO  80222
             Telephone:  303.764.6800
             Facsimile:  303.831.9246
             marielle.moore@ogletree.com
             rebecca.lindell@ogletree.com

             Jason N.W. Plowman
             15 West South Temple, Suite 950
             Salt Lake City, UT 84101
             Telephone: 801.658.6100
             Facsimile:  385.360.1707
             jason.plowman@ogletree.com

             *Attorneys for Defendant*
             *Intermountain Health Care Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 14th day of May, 2025, I electronically filed the foregoing **DEFENDANT'S PARTIAL MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which shall electronically serve a true and accurate copy of the same upon Plaintiffs' counsel, as follows:

Brandt P. Milstein
Andrew H. Turner
MILSTEIN TURNER
brandt@milsteinturner.com
andrew@milsteinturner.com

Laura B. Wolf
Spark Justice Law LLC
3435 S. Inca Street, Suite C-113
Englewood, CO 80110
laura@spark-law.com

                                      *s/ Alison L. Shaw*
                                      Alison Shaw, Paralegal