IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00914-RMR-SBP

KERRI SHEEHY, DEAN BEACOM, and
TAYLOR ARCHULETA, on their own behalf
and on behalf of all others similarly situated,

   Plaintiffs,

v.

INTERMOUNTAIN HEALTH CARE, INC.,

   Defendant.

**RESPONSE IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS**

  Plaintiffs' Kerri Sheehy, Dean Beacom and Taylor Archuleta respectfully submit the following opposition to Defendant's Partial Motion to Dismiss [ECF# 28].  For the reasons set forth below, Defendant's motion should be denied.

  **I. The Colorado Minimum Wages of Workers Act Authorizes Recovery of Unpaid Overtime.**

  The Parties agree that Plaintiff's Complaint states a claim for failure to pay the required minimum overtime wage pursuant to the Colorado Minimum Wages of Workers Act, C.R.S. § 8-6-101, *et. seq.* ("CMWA").  Plaintiffs do not argue that Defendant failed to pay them the base minimum wage rate.  This case concerns failure to pay the increased minimum rate required for overtime hours.  Defendant argues that Plaintiffs fail to state a claim upon which relief can be granted because the CMWA permits "recovery <u>only</u> [of] the state-mandated minimum wage" and not of the state-mandated minimum overtime wage rate.  ECF# 28 pg. 4.  Defendant is mistaken.

Minimum overtime wages are properly recoverable under the CMWA, which provides that:

> An employee receiving less than *the legal minimum wage applicable to such employee* is entitled to recover in a civil action the unpaid balance of the full amount *of such minimum wage*, …

C.R.S. § 8-6-118 (emphasis added). Defendant reads the action authorized as limited to the recovery of the base minimum wage and exclusive of the "increased minimum wages" required for overtime hours. C.R.S. § 8-6-111(4). Defendant's narrow reading of the CMWA is at odds with the text of the statute itself.

When enacting the CMWA, the General Assembly found that "inadequate wages . . . effect [a] pernicious effect" on employees. C.R.S. §8-6-101. Given that "issues related to the wages of workers in Colorado have important statewide ramifications for the labor force" the General Assembly further "declare[d] that the minimum wages of workers in this state are a matter of statewide concern." *Id*. The General Assembly required the Director of the Colorado Department of Labor, Division of Labor Standards and Statistics to:

> **determine** the **minimum wages** sufficient for living wages for persons of ordinary ability, **including minimum wages** sufficient for living wages, whether paid according to time rate or piece rate; the minimum wages sufficient for living wages for learners and apprentices; standards of conditions of labor and **hours of employment** not detrimental to health or morals for workers; **and what are unreasonably long hours.** In all such determinations, the director shall be bound by the provisions of this article and of section 15 of article XVIII of the state constitution; except that, if a higher minimum wage rate is established by applicable federal law or rules, the director shall be bound by such federal law or rules.

C.R.S. §8-6-106 (emphasis added).[1] The statute uses plural language in describing the various "minimum wages" which the Director may require. *Id; see also,* C.R.S. § 8-6-116(1). Moreover,

---

[1] "A remedial statute is to be liberally construed to accomplish its object." *In re R.C.*, 2013 COA 77, ¶¶ 8-9 (Colo. Ct. App. 2013)(internal citations omitted). In this case, the General Assembly enacted a specific directive to construe the MWA liberally. C.R.S. § 8-6-102. Defendant urges the opposite.

2

the General Assembly described "minimum wages" as regulating "hours of employment" and "unreasonably long hours".  C.R.S. §8-6-106.  The base minimum wage does not regulate, deter or disincentivize "unreasonably long hours".  Rather, it is the increased overtime rate applicable to excessive hours which does that.  *See e.g., Bumpus v. Cont'l Baking Co.*, 124 F.2d 549, 552 (6th Cir. 1941) ("[T]he imposition on the employer of the increased expense for overtime is intended to discourage the imposition of excessive hours of labor upon the employees.").  Indeed, the CMWA expressly authorizes the Director to mandate overtime wages as an "increased minimum wage".

> (4) Overtime, at a rate of one and one-half times the regular rate of pay, may be permitted by the director under conditions and rules **and for increased minimum wages** which the director, after investigation, determines and prescribes by order and which shall apply equally to all employers in such industry or occupation.

C.R.S. § 8-6-111 (emphasis added).  Since 1938, the Director has exercised this authority to require increased minimum wages for overtime hours worked.  *See,* Ex. 1, Wage Orders #1-3; *See also,* Colorado Overtime and Minimum Pay Standards Order #39, 7 CCR 1103-1 at ¶ 4.1 (2024).[2]

Where an employee works overtime hours, "the legal minimum wage applicable to such employee"[3] *is* the "increased minimum wages"[4] prescribed for overtime hours.  Employees like the Plaintiff nurses are "entitled to recover in a civil action the unpaid balance of the full amount

---

[2] Indeed, the Director acknowledged the argument Defendant now makes in the Statement of Basis, Purpose, Specific Statutory Authority, And Findings:  Colorado Overtime & Minimum Pay Standards Order (COMPS Order) #36, 7 CCR 1103-1, at pg. 3 (2020)(attached hereto as Exhibit 2)("Preliminarily, to redress the confusion generated by a wide range of wage rules being called simply a "Minimum Wage" order, the Order's new name is the "Colorado Overtime & Minimum Pay Standards Order" or the "COMPS Order".").

[3] C.R.S. § 8-6-118.

[4] C.R.S. § 8-6-111(4).

3

of such minimum wage". C.R.S. § 8-6-118. In seeking minimum overtime wages, Plaintiffs state a claim upon which relief can be granted.

### II. Other States Statutes Using the Term "Minimum Wage" are Read to Include Minimum Overtime Wages.

The New Mexico Minimum Wage Act uses the term "minimum wage" and has been read to include overtime rights within that term of art. The New Mexico Act provides that "an employer… shall be liable to the employees affected in the amount of their unpaid or underpaid minimum wages plus interest, and in an additional amount equal to twice the unpaid or underpaid wages." N.M. Stat. Ann. § 50-4-26(C). Like the CMWA, it "does not explicitly mention overtime wages, creating an ambiguity whether the MWA's remedies are available for unpaid overtime wages as well as 'minimum wages' or 'wages.'" *Rivera v. McCoy Corp.*, 240 F. Supp. 3d 1150, 1159 (D.N.M. 2017). However, the New Mexico statute is read to permit the recovery of overtime wages. *Id*. As in Colorado, the New Mexico Act uses plural language to discuss multiple minimum wages. "In its plural form, Section 50–4–22 generally mandates the minimum *wages* employers must pay—either per hour, or per hour after 40 hours in one week." *Armijo v. FedEx Ground Package Sys., Inc.*, 285 F. Supp. 3d 1209, 1221 (D.N.M. 2018). New Mexico's Act has been held to permit the recovery of minimum overtime wages. *Id; but see, Garcia v. Crossmark, Inc.*, 157 F. Supp. 3d 1046, 1053 (D.N.M. 2015).

### III. *Levine v. Vitamin Cottage* is Inconsistent with Subsequent Decisions.

Defendant relies exclusively on one outlying, unreported decision. *Levine v. Vitamin Cottage Nat. Food Markets, Inc.*, No. 20-CV-00261-STV, 2022 WL 22865047, at *4 (D. Colo. Sept. 19, 2022).[5] In *Levine,* as here, the Court considered a pure overtime claim brought

---

[5] Defendant miscites *Thapa v. Patriot Inv. LLC*, No. 22-CV-02178-KLM, 2023 WL 3865761, at *3 (D. Colo. June 7, 2023). While Plaintiff there did assert a Colorado Minimum Wage Act

4

pursuant to C.R.S. § 8-6-118. *Id* at *2. Magistrate Judge Varholak recognized that the CMWA authorizes the Director of the Division of Labor Standards and Statistics to regulate excessive hours by requiring overtime, and that the Director had done so in regulations promulgated at 7 CCR 1103-1, first as the Colorado Wage Order and now as the Colorado Overtime and Minimum Pay Standards Order. *Id* at *4 n.4. But, because those Orders are promulgated under the authority of both the CMWA and the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et. seq.* ("CWCA")*,* Judge Varholak could not determine whether the Director considered a failure to pay overtime wages to be a violation of the CMWA or only of the CWCA. *Id.* Subsequent decisions of this Court, and the Tenth Circuit have disagreed. Judge Varholak then concluded that while the CMWA provided a right of action to recover the base minimum wage, "the Court cannot conclude that the General Assembly intended to create a private cause of action for any other violation of the CMWA." *Id* at *4.

When deciding *Levine*, Judge Varholak did not have the benefit of subsequent decisions, locating the right to overtime pay in the CMWA. In *Hamilton v. Amazon.com Servs. LLC*, Judge Brimmer noted that, "[a]lthough the Colorado legislature sets the rate of overtime pay, it delegates the authority to prescribe the 'conditions and rules' governing overtime compensation to the director of the Division of Labor." No. 22-CV-00434-PAB-STV, 2023 WL 2375080, at *2 (D. Colo. Mar. 3, 2023), *rev'd on other grounds by,* No. 23-1082, 2024 WL 4284082 (10th Cir. Sept. 25, 2024). Judge Brimmer cited the CMWA for that proposition. *Id* (citing C.R.S. §

---

claim, Judge Mix stated expressly that the motion decided "only address[es] the FLSA claims regarding failure to pay overtime, improper tip pooling practices, and record-keeping failures, and the CWCA claim regarding failure to pay overtime." *Id* at *2. The passage Defendant quotes concerned the Fair Labor Standards Act, not the CMWA.

8-6-111(4)). Considering the appeal from Judge Brimmer's Order in that case, the 10th Circuit did the same. *Hamilton v. Amazon.com Servs. LLC*, No. 23-1082, 2024 WL 158760, at *1 (10th Cir. Jan. 12, 2024). These subsequent decisions conclude that state law overtime rights are conferred by the CMWA, under which Plaintiff here seeks to recover. *Ids.*

These post-*Levine* decisions make sense and should be followed. The Colorado Wage Claim Act is a procedural statute. It is a wage collection vehicle that does not confer any substantive wage rights. *Hernandez v. Ray Domenico Farms, Inc.*, 250 F. Supp. 3d 789, 792 (D. Colo. 2017); *Barnes v. Van Schaack Mortgage*, 787 P.2d 207, 210 (Colo. App. 1990)("The Wage Claim Act does not itself create any substantive right to compensation for labor and services performed."). While Judge Varholak notes that the Director cites both the Wage Claim Act and the CMWA as bases to promulgate the Wage and COMPS Orders discussing overtime entitlements, the Wage Claim Act could not have been the source of overtime rights articulated in that Order. It confers no substantive rights at all. The CMWA is the source of state law overtime rights, which it authorizes as "increased minimum wages". C.R.S. § 8-6-111(4); *see also, Brunson v. Colorado Cab Co., LLC*, 2018 COA 17, ¶ 2-3 (enforcing Wage Order overtime through CMWA action). The *Levine* decision was in error and should not be followed.

### IV. Conclusion

For the foregoing reasons, Defendant's motion should be denied.

**Respectfully Submitted,**

*/s/ Andrew H. Turner*
Andrew H. Turner
MILSTEIN TURNER, PLLC
1490 Lafayette St. #304
Denver, CO. 80218
(303) 305-8230
andrew@milsteinturner.com

Brandt Milstein
MILSTEIN TURNER, PLLC
2400 Broadway, Suite B
Boulder, CO
(303) 440-8780
brandt@milsteinturner.com

Laura B. Wolf
Spark Justice Law LLC
3435 S. Inca Street, Suite C-113
Englewood, CO 80110
(303) 802-5390 (t)
(303) 848-3003 (f)
laura@spark-law.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document on Defendant by electronically filing with the Clerk of Court, using the CM/ECF system which will send notification of such filing to the all counsel of record *via* e-mail.

This 4th day of June, 2025.

> */s/ Andrew H. Turner*
> Counsel for Plaintiffs