IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00914-RMR-SBP

KERRI SHEEHY, DEAN BEACOM, AND TAYLOR ARCHULETA, ON THEIR OWN BEHALF AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

    Plaintiffs,

v.

INTERMOUNTAIN HEALTH CARE INC.,

    Defendant.

## DEFENDANT'S OBJECTIONS TO ORDER AND RECOMMENDATION (ECF NO. 65)

Defendant Intermountain Health Care, Inc. ("Intermountain"), by and through its counsel and pursuant to Federal Rule of Civil Procedure 72, hereby objects in part to the Order and Recommendation (Doc. 51, the "O&R") regarding, *inter alia*, Plaintiff Fletcher Jones' ("Jones") Motion to Remand and Intermountain's Motion to Intervene as follows:[1]

### INTRODUCTION

The Court should set aside the O&R's recommendation and deny Jones' Motion to Remand because the removal was proper. Intermountain is a real party defendant in interest. Therefore, it has the authority to remove an action to federal court. Even if Intermountain does not have such authority, Sisters of Charity of Leavenworth Health

---

[1] The O&R includes recommendations on four motions in three related actions: *Huber v. Intermountain Health Care, Inc.*, No. 25-cv-02290-RMR-SBP ("*Huber*"); *Jones v. Sisters of Charity of Leavenworth Health System, Inc.*, No. 25-cv-02301-RMR-SBP ("*Jones*"); and this matter ("*Sheehy*"). The motions addressed in the O&R are (1) the Motion to Remand in *Jones* (*Jones*, Doc. 16); (2) the Motion to Intervene in *Jones* filed by Intermountain Health Care, Inc. (*Jones*, Doc. 21); and (3) two Motions to Intervene filed by Jones in the *Sheehy* and *Huber* matters (*Sheehy*, Doc. 44; *Huber*, Doc. 20). Intermountain objects only to the portions of the O&R that address Jones' Motion to Remand and Intermountain's Motion to Intervene in *Jones*.

System, Inc. ("SCL Health") does. The removal remains proper because SCL Health also removed the matter, which still requires the Court to consider Intermountain's citizenship as a real party defendant in interest under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Further, because the Court does, in fact, have jurisdiction over *Jones* under CAFA, it should have considered and granted Intermountain's Motion to Intervene.

The O&R's recommendation on the Motion to Remand contains four major errors. Specifically, it (A) does not address SCL Health's and Intermountain's arguments regarding *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 139 S. Ct. 1743 (2019); (B) ignores SCL Health's removal, addressing only Intermountain's part in the removal; (C) glosses over Intermountain's status as a real party in interest; and (D) fails to consider Intermountain's citizenship in determining CAFA jurisdiction. Because the O&R reaches an incorrect conclusion on the removal, it denies Intermountain's Motion to Intervene as moot. These errors require the Court to set aside the recommendations of the O&R, deny the Motion to Remand, and grant the Motion to Intervene.

## ARGUMENT & AUTHORITIES

**I.   The Court should review the portions of the O&R relating to Jones' Motion to Remand *de novo* and the portions relating to Intermountain's Motion to Intervene for whether they are "clearly erroneous or contrary to law."**

Because "[a] remand order is a final decision in the sense that it is 'dispositive of all the claims and defenses in the case as it banishes the entire case from the federal court,'" a district judge must apply a *de novo* standard of review. *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 996 (10th Cir. 2000) (citing *In Re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998)). *See also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected

2

to."). In contrast, because a motion to intervene is nondispositive, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See* Fed. R. Civ. P. 72(a). A factual finding is clearly erroneous when "the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Hildebrand v. Comm'r*, 28 F.3d 1024, 1026 (10th Cir. 1994) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Legal conclusions should be modified or set aside if they "contradict or ignore applicable precepts of law." *Id.* (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). Applying these standards, the Court should reject the portions of O&R relating to Jones' Motion to Remand and Intermountain's Motion to Intervene for the reasons set forth below.

## II. The Court should reject the O&R's recommendation and deny the Motion to Remand.

Intermountain is a real party in interest and, as such, has the authority to remove. This authority is compatible with *Home Depot*, as SCL Health and Intermountain argued in their Response to the Motion to Remand. *Jones*, Doc. 29, p. 8. Further, ***whether or not*** Intermountain properly participated in the removal, its Utah citizenship must be considered in determining minimal diversity under CAFA because it is a real party in interest. Because the O&R does not address these issues, which Judge Prose recognized are "where the rubber meets the road," the O&R incorrectly recommended granting the Motion to Remand. Exhibit 1, Transcript, 53:19-25.

**A. The O&R ignores SCL Health's and Intermountain's arguments regarding *Home Depot*.**

The O&R's recommendation to grant the Motion to Remand hinges on whether Intermountain, as a real party in interest, has the authority to remove a case to federal court:

> [T]he removal of *Jones* from the Colorado state court suffers from a threshold procedural defect: a state court case may be removed to federal court only by a "defendant" . . . "Defendant" does not encompass an entity—like Intermountain—that was not a named defendant in the state action, even one who claims to be a 'real party defendant in interest.'"

*See* O&R, pp. 8-9. The O&R asserts that this "conclusion is compelled by the decision in *Home Depot*, in which the Supreme Court found, in the context of § 1453(b), that 'the term 'defendant' refers only to the party sued by the original plaintiff[.]'" *Id.* at p. 9 (quoting *Home Depot*, 587 U.S. at 438). *Home Depot* does not compel this conclusion. Further, the O&R's assertion that "Intermountain . . . does not mention *Home Depot* in any of its briefing, let alone grapple with its implications" is incorrect. O&R, p. 15.

The Response to the Motion to Remand states, "*Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 139 S. Ct. 1743 (2019), does not stand for the proposition, as [Jones] argues, that a real party in interest defendant may not remove a state action to federal court." *Jones*, Doc. 29, p. 8. As SCL Health and Intermountain argued in their Response to the Motion to Remand, *Home Depot* addresses only whether CAFA "allows a third party counterclaim defendant—that is, a party brought into a lawsuit through a counterclaim filed by the original defendant—to remove the counterclaim filed against it." 587 U.S. at 437. The Supreme Court concluded in *Home Depot* that "Congress did not expand the types of parties eligible to remove a class action under § 1453(b) beyond § 1441(a)'s limits." *Id.* at 445. In so holding, the Supreme Court reasoned that "when

4

determining whether it has original jurisdiction over a civil action," a district court "should evaluate whether that action could have been brought originally in federal court, which "requires a district court to evaluate whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction." *Id.* at 441. The Supreme Court also relied on "[t]he use of the term 'defendant' in related contexts," namely, the Federal Rules of Civil Procedure, which "differentiate between third-party defendants, counterclaim defendants, and defendants." *Id.* at 442. Also as SCL Health and Intermountain argued in their Response to the Motion to Remand and at the October 17th Oral Argument, this rationale is **consistent** with allowing a real party defendant in interest to remove a case to federal court. *See* Exhibit 1, Transcript, 10:8-16. Because, as set forth in detail below, Intermountain's citizenship must be considered for jurisdictional purposes, minimal diversity exists under CAFA, and Jones could have brought this action in federal court. Further, the Federal Rules of Civil Procedure do not differentiate between defendants and real party in interest defendants—both are encompassed in the word "defendants."

The O&R's assertion that the removing party in *Home Depot* had "a stronger claim to removal authority than Intermountain because it was a third-party counterclaim defendant—an entity whose name at least would have appeared in the caption in the underlying state case and who might have formally appeared in that action" includes no citation to supporting authority. O&R, p. 9. Nor does it take into consideration Intermountain's Motion to Intervene, which states Intermountain's basis for why it can and should be allowed to appear formally in this action. It is unclear why a third-party

counterclaim defendant, "brought into a lawsuit through a counterclaim filed by the original defendant" as opposed to the plaintiff, would have a stronger claim to remove than Intermountain, a real party defendant in interest. *Home Depot*, 587 U.S. at 437.

### B. The O&R ignores that SCL Health removed the action alongside Intermountain.

The O&R incorrectly asserts that "[s]tripped of Intermountain as a participant in the [R]emoval," SCL Health cannot establish minimal diversity. O&R, p. 15. In support of this assertion, the O&R cites only to cases in which removal was initiated solely by a real party defendant in interest. None of these authorities involved a second, named defendant removing ***in its own name***, like SCL Health did in this case. *Id.* at pp. 11-12. Intermountain and SCL Health raised this distinguishing issue at the October 17th Oral Argument as well as in their Follow-Up Written Argument, but the O&R does not address it. *See* Exhibit 1, Transcript, 18:3-24, 19:2-9, 53:14-21; *Jones*, Doc. 43, pp. 8-9 ("Plaintiff's removal challenge relies on court decisions where an unnamed real party in interest attempted to remove ***alone***, without joining a named defendant and without seeking to participate as a party. Those cases are inapposite.") (emphasis in original).

### C. The O&R glosses over Intermountain's real party in interest status.

The O&R incorrectly determines that it "need not decide" whether Intermountain is a real party in interest, because it is not a named defendant. O&R, p. 11. This is incorrect because Intermountain's status as a real party in interest is the linchpin of the *Jones* removal. Even if the O&R were correct about whether a real party in interest can remove an action to federal court, which Intermountain and SCL Health respectfully maintain it is not, Intermountain's citizenship can and should be considered in assessing the validity of SCL Health's removal because it is a real party in interest.

As Intermountain and SCL Health argued in their Response to the Motion to Remand and Follow-Up Written Argument, Intermountain is undeniably a real party in interest. *Jones*, Doc. 29, pp. 4-7 and Doc. 43, pp. 2-5. Intermountain has a "substantial and substantive legal interest in the case," including the "duty sought to be enforced or enjoined." *Colo. Civ. Rights Comm'n v. Wells Fargo Bank and Co.*, No. 10-cv-02427-MSK-MJW, 2011 WL 2610205, at *2 (D. Colo. July 1, 2011). *See also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-65 (1980) (holding trustees were real parties in interest because they have legal title, manage assets, and control the litigation); *Sun Oil Co. v. Pa. Dep't of Labor & Indus.*, 365 F. Supp. 1403, 1406 (E.D. Pa. 1973) (a real party in interest defendant is one who, under substantive law, bears the duty sought to be enforced); *Gebran v. Wells Fargo Bank*, N.A., No. CV 16-07616 BRO (MRWx), 2016 WL 7471292, at *3 (C.D. Cal. Dec. 28, 2016) (same); *Hillberry v. Wal-Mart Stores East, L.P.*, No. Civ.A.3:05CV-63-H, 2005 WL 1862087, at *2 (W.D. Ky. Aug. 3, 2005) (same).

On April 1, 2022, the "integrated health care system" against which Jones brings his claims was subsumed by Intermountain when Intermountain merged its health system with SCL Health and became SCL Health's ultimate parent company. Since the merger, the integrated health system's wage and hour policies and practices, including but not limited to those relating to timekeeping, meal and rest breaks, holiday premiums and overtime have been promulgated, implemented, and enforced by Intermountain. For all but two months of the relevant time period, it has not been SCL Health—but instead Intermountain—which "operates and controls hospitals and other health care facilities as part of an integrated health care system." *Jones*, Doc. 10, ¶¶ 6, 11, 24, 29.

In addition, since the merger in April 2022, all hospitals and other healthcare facilities in the integrated health system—as defined by Jones in his Amended Complaint—have Intermountain as their ultimate parent company and operate under the Intermountain name and branding. Moreover, while some of the hospitals included in Jones' putative class are subsidiaries of SCL Health, the majority are not. Specifically, Intermountain Health Platte Valley Hospital, Intermountain Health Lutheran Hospital, and Intermountain Health Good Samaritan Hospital are not, and have ***never*** been, subsidiaries of SCL Health but are instead subsidiaries of Intermountain. Intermountain—not SCL Health—operates and controls these hospitals and sets their employment policies and procedures. The O&R improperly failed to consider all of this information, which was laid out in the Response to the Motion to Remand and SCL Health's and Intermountain's Follow-Up Written argument. *Jones*, Doc. 29, pp. 4-7 and Doc. 43, pp. 2-5; Exhibit 1, Transcript, 12:11-17:7.

Simply put, Intermountain has a direct, immediate, and legally cognizable interest in defending its policies, practices, and health system, which alone suffices to make it a real party in interest. For these reasons, this Court should have determined Intermountain is a real party defendant in interest, which necessarily impacts the removal analysis (as set forth in Section D, below).

**D. The O&R ignores SCL Health's and Intermountain's authorities on citizenship of real party defendants in interest.**

The O&R incorrectly asserts that "because a non-party like Intermountain had no right to invoke the federal removal statutes in the first instance, this court never acquired subject-matter jurisdiction over the removed case, and Intermountain's Utah citizenship cannot be considered for purposes of CAFA's minimal-diversity analysis." *Id.* at p. 9. Not

8

so. Intermountain's citizenship *must* be considered. Whether Intermountain was initially named in the case caption or not is irrelevant. When identifying the parties for jurisdictional purposes, courts "look beyond the nominal designation" to "who are the real and substantial parties to the controversy." *Navarro*, 446 U.S. at 461. *See also Becker v. Angle*, 165 F.2d 140, 142 (10th Cir. 1947) ("[I]n determining the question of diversity [courts] look to the citizenship of the real parties in interest."); *Hann v. City of Clinton*, 131 F.2d 978, 981 (10th Cir. 1942); *Colo. Civ. Rights Comm'n*, 2011 WL 2610205, at *2 ("To determine citizenship, a court looks beyond the parties named in the Complaint, instead determining who are the real parties in interest to the controversy."). Here, both SCL Health (a named defendant) and Intermountain (the real party defendant in interest) removed the case to this Court. If, as the O&R states, "the authority to remove is strictly limited to a named defendant in the original action," then SCL Health has—and exercised—that authority. *Jones*, ECF 44, p. 9. But, that does not mean that the Court can ignore Intermountain's citizenship. Indeed, Supreme Court and Tenth Circuit precedent *require* the Court to consider Intermountain's citizenship. Neither the O&R nor Jones cites to any contradictory authority. There is also no authority in the O&R or in Jones' Motion to Remand briefing that supports ignoring a real party defendant in interest's citizenship merely because it not named in the complaint. SCL Health and Intermountain pointed to this flaw in their Response to the Motion to Remand and Follow-Up Written Argument. *Jones*, ECF 29, pp. 4-7 and ECF 43, pp. 8-9; Exhibit 1, Transcript, 53:14-21. Again, the O&R does not address it, further supporting the conclusion that the removal is proper. For these reasons, the Court should set aside the O&R's recommendation and deny the Motion to Remand in *Jones*.

### III. The Court should not award any costs or fees.

The Court should also deny Jones' request for attorney's fees and costs associated with the removal. As Intermountain and SCL Health argued in their Follow-Up Written Argument, attorney's fees are not properly awarded where, as here, the removing party "provided detailed arguments and 'comprehensively briefed the issues arising from their removal, including with reference to a wide range of case law.'" *Common Cause v. Lewis*, 956 F.3d 246, 257 (4th Cir. 2020) (citation omitted); *see also Lott v. Pfizer, Inc.*, 492 F.3d 789, 794 (7th Cir. 2007) ("The test is whether the relevant case law clearly foreclosed the defendant's basis of removal, . . . ."); *Martin v. Franklin Cap. Corp.*, 393 F.3d 1143, 1147 (10th Cir. 2004), aff'd, 546 U.S. 132, 126 S. Ct. 704 (2005) (acknowledging "the broadly accepted position that if a defendant's removal could be fairly supported by the law at the time, even if later deemed incorrect, a district court's discretionary decision not to award fees is appropriate"). If the basis for the *Jones* removal was "clearly foreclosed" or otherwise objectively baseless, there would have been no need for oral argument or supplemental briefing, or these Objections, in addition to the comprehensive original briefing in which the parties engaged. *Lott*, 492 F.3d at 794. For these reasons, the Court should not award Jones attorney's fees or costs.

### IV. The Court should reject the O&R's recommendation and grant the Motion to Intervene.

Because the O&R incorrectly determined "Intermountain's attempted removal was procedurally improper," its recommendation to deny Intermountain's Motion to Intervene as moot was contrary to law. O&R, p. 16. Intermountain has a protectable interest in the action that cannot be represented by SCL Health. As stated, Jones seeks to bring claims against the entire "integrated health system" and represent a class of all employees in

10

Colorado. However, as of April 2022, the "integrated health system" is operated by Intermountain. Additionally, three of the five hospitals identified as part of the "integrated health system" in Jones' Amended Complaint have never operated under SCL Health. Platte Valley Medical Center, Good Samaritan Hospital, and Lutheran Hospital are subsidiaries of Intermountain—not SCL Health. Therefore, SCL Health cannot protect Intermountain's interest with regard to these three hospitals, and the Court should grant the Motion to Intervene.

## CONCLUSION

For the foregoing reasons, the Court should set aside the portions of the Order & Recommendation relating to Jones' Motion to Remand and Intermountain's Motion to Intervene; deny the Motion to Remand and grant the Motion to Intervene; and decline to award Jones attorney's fees and costs related to the removal.

Respectfully submitted this 13th day of January, 2026.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*s/ Marielle A. Moore*
Marielle A. Moore
Rebecca M. Lindell
2000 South Colorado Blvd.
Tower 3, Suite 900
Denver, CO  80222
Telephone:  303-764-6800
Facsimile:  303-831-9246
marielle.moore@ogletree.com
rebecca.lindell@ogletree.com

Jason N.W. Plowman
15 West South Temple, Suite 950
Salt Lake City, UT 84101
Telephone: 801.658.6100
Facsimile:  385.360.1707
jason.plowman@ogletree.com

*Attorneys for Defendant Intermountain Health Care, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of January, 2026, I electronically filed the foregoing **DEFENDANT'S OBJECTIONS TO ORDER AND RECOMMENDATION (ECF NO. 65)** with the Clerk of Court using the CM/ECF system which shall electronically serve a true and accurate copy of the same upon the following counsel of record, as follows:

Matthew S. Parmet
PARMET LAW PC
2 Greenway Plaza, Suite 250
Houston, TX 77046
matt@parmet.law

Don J. Foty
FOTY LAW GROUP
2 Greenway Plaza, Suite 250
Houston, TX 77046
dfoty@fotylawgroup.com

Brandt P. Milstein
Andrew H. Turner
Milstein Turner PLLC
2400 Broadway, Suite B
Boulder, CO 80304
brandt@milsteinturner.com
andrew@milsteinturner.com

Laura B. Wolf
Spark Justice Law LLC
3435 S. Inca Street, Suite C-113
Englewood, CO 80110
laura@spark-law.com

*Attorneys for Plaintiff*

Tiffanie Dee Stasiak
Kathleen F. Guilfoyle
Lisa Marie Saccomano
Gillian O'Hara
Kutak Rock LLP
2001 16th Street, Suite 1800
Denver, CO 80202
tiffanie.stasiak@kutakrock.com
lisa.saccomano@kutakrock.com
kathleen.guilfoyle@kutakrock.com
gigi.ohara@kutakrock.com

*Attorneys for Intervenor Fletcher Jones*

        *s/ Alison L. Shaw*
        Alison L. Shaw, Paralegal