## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00914-RMR-SBP

KERRI SHEEHY,
DEAN BEACOM, and
TAYLOR ARCHULETA, on their own behalf and on behalf of all others similarly situated

      Plaintiffs,

v.

INTERMOUNTAIN HEALTH CARE INC.,

      Defendant,

---

## ORDER

---

**Susan Prose, United States Magistrate Judge**

This matter comes before the court on Plaintiffs' Motion to Appoint Counsel Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure (the "Motion," ECF No. 55). The Motion was referred to the undersigned United States Magistrate Judge for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), the Order of Reference (ECF No. 23), and the Order Referring Motion (ECF No. 56). Plaintiffs Kerri Sheehy, Dean Beacom, and Taylor Archuleta request that the court appoint Brandt P. Milstein and Andrew H. Turner of Milstein Turner PLLC, Matthew Scott Parmet of Parmet Law PC, and Don J. Foty of Foty Law Group (collectively, "Plaintiffs' Counsel") as Interim Class Counsel. Defendant does not oppose this Motion. *See* ECF No. 55 at 1 n.1 (representing that "Defendant does not oppose this motion"). For the reasons set forth below, the

Motion is respectfully **GRANTED**.[1]

## BACKGROUND

Plaintiffs Kerri Sheehy, Dean Beacom, and Taylor Archuleta are current hourly nurses employed by Defendant Intermountain Health Care, Inc. in Colorado. ECF No. 26 ¶¶ 7–9. Plaintiffs initiated this putative class action in Boulder County District Court, alleging that Defendant maintained uniform, company-wide policies that excluded Holiday Premium Pay from overtime calculations in violation of the Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101 *et seq.*, and related state laws. ECF No. 26 ¶¶ 3–4, 69–84. Defendant removed the case to this court on March 20, 2025, and it was subsequently assigned to the Honorable Regina M. Rodriguez and referred to the undersigned. ECF No. 1; ECF No. 23.

The undersigned has issued a Recommendation that Plaintiffs' Unopposed Motion for Certification of Class Action (ECF No. 41), as supplemented (ECF No. 60), be granted, which remains pending (ECF No. 67). This case also features purported overlapping representation —

---

[1] In civil matters, a magistrate judge may "hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, . . . *to dismiss or permit maintenance of a class action*, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A) (emphasis added). Accordingly, the statute contemplates that a motion to permit maintenance of a class action—i.e., a motion to certify a class—should be subject to a Magistrate Judge's Recommendation, rather than Order. Here, however, Plaintiffs seek appointment of interim class counsel under Rule 23(g)(3), which provides that a court "may designate interim counsel to act on behalf of a putative class *before determining whether to certify the action as a class action.*" Fed. R. Civ. P. 23(g)(3) (emphasis added). In other words, the appointment of interim class counsel does not have any impact on later certification of a class. Accordingly, this court proceeds by Order rather than Recommendation. *See In re Frontier Airlines Litig.*, No. 20-cv-01153-PAB-KLM, 2020 WL 9258441, at *1 (D. Colo. Dec. 16, 2020) (Magistrate Judge proceeding by order in granting motion under Rule 23(g)(3)).

non-party Fletcher Jones sought to intervene and stay proceedings, asserting the right to represent the putative class. ECF No. 44. Both Defendant and Plaintiffs opposed that request, and on December 29, 2025, the undersigned denied the motion to intervene. ECF No. 65. Plaintiffs' Counsel now seek appointment as Interim Class Counsel to clarify responsibility for protecting the interests of the putative class and to allow this litigation to proceed efficiently. ECF No. 55.

## ANALYSIS

Rule 23(g) of the Federal Rules of Civil Procedure governs the appointment of class counsel. Relevant here, Rule 23(g)(3) provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Appointment of interim counsel is particularly appropriate "[w]here various law firms represent members of overlapping proposed classes" and "may be helpful in clarify[ing] responsibility for protecting the interests of the case during precertification issues, such as making and responding to motions, conducting necessary discovery, moving for class certification, and negotiating settlement." *In re Frontier Airlines Litig.*, 2020 WL 9258441, at *1 (citing Manual for Complex Litigation § 211.11 (4th ed. 2004)).

When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A). *Id*. at *2; *Dorn v. Mueller*, No. 10-cv-00925-WYD-CBS, 2010 WL 2232418, at *1-2 (D. Colo. May 28, 2010). Those factors include: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The

court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Upon review of these factors, the undersigned finds that appointment of Plaintiffs' Counsel as Interim Class Counsel is appropriate.

### A.  Work Performed in Identifying and Investigating Claims

The first factor weighs in favor of appointment. Plaintiffs' Counsel have performed an extensive, independent investigation and analysis of this matter since well before removal to this court, including investigating Defendant's employment practices, conducting legal research, drafting pleadings, and committing resources toward advancing class certification. ECF No. 55. This is consistent with what courts in this district have found sufficient. *See Beasley v. TTEC Servs. Corp.,* No. 22-cv-00097-PAB-NYW, 2022 WL 1719654, at *2 (D. Colo. May 27, 2022) (finding the first factor satisfied where counsel investigated potential claims, interviewed injured consumers, performed legal research, drafted initial pleadings, and retained experts); *Gomez v. SSA Holdings, LLC*, No. 25-cv-03740-NWY-SBP, 2026 WL 83915, at *2 (D. Colo. Jan. 12, 2026) (finding the first factor satisfied where counsel "committed appropriate time and resources to organizing and working together toward the advancement of the litigation, investigating and researching the potential legal theories and claims at issue").

### B.  Experience in Class Actions and Complex Litigation

The second factor weighs strongly in favor of appointment. Plaintiffs' Counsel collectively have been appointed as class counsel in 61 prior Rule 23 class actions and have 76 years of combined experience representing workers in unpaid wage claims. ECF No. 55-1 at 2–34. This court has repeatedly recognized the experience of the Milstein Turner firm in wage-and-

hour class litigation. *See Pliego v. Los Arcos Mexican Restaurants, Inc.,* 313 F.R.D. 117, 129 (D. Colo. 2016) (recognizing Mr. Milstein as "well-known to this court as competent counsel with vast experience in wage-related litigation" and with "extensive experience in FLSA 216(b) collective actions and Rule 23 class actions"); *Stanley v. Panorama Orthopedics & Spine Ctr., P.C.,* No. 22-cv-01176-RM-SBP, 2024 WL 4546178, at *5 (D. Colo. Oct. 7, 2024) (finding "Mr. Milstein is an experienced, skilled litigator whose representation of the class here readily satisfies the requirements of Rule 23"). Messrs. Parmet and Foty have comparable extensive experience representing workers in large and complex class actions. ECF No. 55, Movant's Appx. p. 2–19, 24–31. Courts in this district have appointed interim class counsel exhibiting similarly strong credentials. *See Beasley*, 2022 WL 1719654, at *2*; *Gomez*, 2026 WL 83915, at *2 (appointing interim co-lead class counsel where counsel had extensive class action experience and committed resources to vigorously prosecute the case).

### C.  Knowledge of Applicable Law

The third factor is satisfied. Plaintiffs' Counsel are well-versed in the facts and claims asserted in this action and are knowledgeable in the applicable areas of Colorado wage-and-hour law, including the Colorado Wage Claim Act and the Colorado Equal Pay for Equal Work Act. ECF No. 55 at 2–4. Their extensive experience litigating wage-and-hour class actions in this district confirms their knowledge of the applicable law. *See Gomez*, 2026 WL 83915, at *3 (concluding that proposed interim co-lead class counsel are "well-versed in the applicable law and able to effectively litigate this case on behalf of Plaintiffs and the putative class members"); *Beasley*, 2022 WL 1719654, at *2 (same).

**D.  Resources to Commit to Representing the Class**

The fourth factor likewise favors appointment. Plaintiffs' Counsel represent that they are able to and will commit the resources necessary to vigorously prosecute this case, including conducting discovery, taking depositions, performing motion practice and briefing, and completing all other actions necessary to advance this litigation on behalf of class members. ECF No. 55 at 4. Their firms have significant resources and a proven track record of success in complex wage-and-hour litigation. *See Gomez*, 2026 WL 83915, at *3.

**E.  Other Pertinent Considerations**

Finally, the undersigned may consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Defendant does not oppose this Motion. *See* ECF No. 55 at 1. Plaintiffs' Counsel represent that they have worked with Defendant's counsel in good faith and with mutual respect, and will continue to do so. ECF No. 55 at 2–3. Courts have considered the absence of opposition as a factor supporting appointment. *See Beasley*, 2022 WL 1719654, at *2 (noting that "Defendant has not formally opposed Plaintiffs' request"); *Gomez*, 2026 WL 83915, at *2 (noting Defendant "takes no position" on appointment of interim class counsel). The undersigned is satisfied that Plaintiffs' Counsel are committed to representing the interests of the putative class.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED**[2] that:

(1) Plaintiffs' Motion to Appoint Counsel Pursuant to Rule 23(g) (ECF No. 55)

is **GRANTED**; and

(2) Brandt P. Milstein and Andrew H. Turner of Milstein Turner PLLC, Matthew Scott

Parmet of Parmet Law PC, and Don J. Foty of Foty Law Group are **APPOINTED** as

Interim Class Counsel in this matter pursuant to Fed. R. Civ. P. 23(g)(3).

DATED: March 13, 2026                    BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[2] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").