IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00914-RMR-SBP

KERRI SHEEHY,
DEAN BEACOM, and
TAYLOR ARCHULETA, on their own behalf and on behalf of all others similarly situated,

      Plaintiffs,

v.

INTERMOUNTAIN HEALTH CARE INC.,

      Defendant.

---

## ORDER

---

**Susan Prose, United States Magistrate Judge**

      This matter is before the court on the Parties' Joint Motion to Consolidate (the "Motion"). ECF No. 73. Plaintiffs and Defendant jointly request that this action, *Sheehy v. Intermountain Health Care, Inc.*, Civil Action No. 1:25-cv-00914-RMR-SBP ("*Sheehy*"), be consolidated with *Huber v. Intermountain Health Care, Inc., et al.,* Civil Action No. 1:25-cv-02290-RMR-SBP ("*Huber*"), pursuant to Federal Rule of Civil Procedure 42(a) and D.C.COLO.LCivR 42.1. *See generally, id*. On April 7, 2026, the Parties filed a Stipulation Consenting to Magistrate Judge's Jurisdiction to Decide Joint Motion to Consolidate, in which they consented to the jurisdiction of the undersigned under 28 U.S.C. § 636(c) for the sole purpose of deciding and entering a final order on the Motion. ECF No. 74.

      The court has reviewed the Motion, the record, and the applicable law, and finds that oral argument would not materially assist in resolving the Motion. For the reasons set forth below,

the Motion is respectfully **GRANTED**.

## BACKGROUND

*Sheehy* is a wage-and-hour class action brought by hourly, non-exempt employees of Defendant Intermountain Health Care, Inc. who worked in Colorado hospitals. ECF No. 73 at 1. Plaintiffs Kerri Sheehy, Dean Beacom, and Taylor Archuleta allege that Defendant violated the Colorado Wage Claim Act, Colo. Rev. Stat. §§ 8-4-101, *et seq*., by failing to include Holiday Premium Pay in the calculation of overtime rates and by excluding Holiday Premium Pay hours from the count of hours worked toward overtime eligibility after forty hours in a workweek. ECF No. 73 at 1–2.

The court has already certified *Sheehy* as a class action under Federal Rule of Civil Procedure 23(b)(3). ECF No. 72 at 3. The certified *Sheehy* class is defined as:

> All current and former hourly employees of Defendant who were classified by Defendant as non-exempt and were paid on an hourly basis, excluding pharmacists, who worked both overtime hours and hours eligible for holiday premium pay in the same workweek, and who worked in Colorado between February 14, 2019, and September 2, 2024.

ECF No. 73 at 3 (quoting ECF No. 67 at 10). In the later-filed related action, *Huber*, the named plaintiff alleges that Intermountain failed to pay Ms. Huber and other hourly workers all wages due because, among other things, Defendants failed to compensate time spent in COVID screenings, failed to provide compensated rest breaks, and failed to compensate lunch breaks interrupted by work. ECF No. 73 at 2 (citing *Huber*, ECF No. 56 at 8–14). The proposed *Huber* class consists of:

> All current and former employees of Defendants who were classified by Defendants as non-exempt and were paid on an hourly basis, excluding pharmacists, and who worked in Colorado, from June 12, 2019, until final judgment is entered.

2

ECF No. 73 at 2 (quoting *Huber*, ECF No. 56 at 4).

The proposed *Huber* class thus encompasses essentially the same group of Colorado

hourly, non-exempt employees, excluding pharmacists, and the *Sheehy* Plaintiffs are themselves

members of the *Huber* putative class. ECF No. 73 at 2. Both actions are pending before the same

district judge and magistrate judge, and the same attorneys have been appointed interim class

counsel under Rule 23(g)(3) in both cases. ECF No. 73 at 3 (citing *Huber*, ECF No. 59 at 7). The

matters have already been consolidated for purposes of deciding prior intervention motions filed

by Fletcher Jones, and the Parties further represent that *Sheehy* and *Huber* are the subject of a

unified proposed settlement that will soon be presented to the court. ECF No. 73 at 2–3 (citing

*Huber*, ECF Nos. 44, 51).

On April 7, 2026, the Parties filed the instant Joint Motion to Consolidate *Huber* into the

lower-numbered *Sheehy* action pursuant to Rule 42 and D.C.COLO.LCivR 42.1. ECF No. 73 at

1, 3. That same day, the Parties filed a Stipulation Consenting to Magistrate Judge's Jurisdiction

to Decide Joint Motion to Consolidate, in which they consented to the jurisdiction of the

undersigned under 28 U.S.C. § 636(c) for the limited purpose of deciding the Joint Motion to

Consolidate and entering a final order thereon. ECF No. 74 at 1–2.

## ANALYSIS

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the

court involve a common question of law or fact, the court may . . . consolidate the actions." Fed.

R. Civ. P. 42(a)(2). "The decision whether to consolidate such actions is left to the sound

discretion of the trial court." *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan.

2008) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)). Rule 42(a) is intended "to

give the court broad discretion to decide how cases on its docket are to be tried so that the

business of the court may be dispatched with expedition and economy while providing justice to

the parties." *Breaux v. Am. Fam. Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quotation

omitted). Thus, in exercising this discretion, the court weighs both "judicial economy and

fairness to the parties." *MSPBO, LLC v. Adidas N. Am., Inc.*, No. 13-cv-02287-PAB-KMT, 2014

WL 349102, at *1 (D. Colo. Jan. 30, 2014) (citing *Harris v. Illinois-California Express, Inc.*, 687

F.2d 1361, 1368 (10th Cir. 1982)).

The court agrees that consolidation is appropriate. Both *Sheehy* and *Huber* arise from

Defendant Intermountain's alleged failure to pay all wages due to its hourly, non-exempt

employees who worked in Colorado, and both actions challenge Defendant's pay practices under

Colorado wage-and-hour law for substantially overlapping time periods. ECF No. 73 at 1–3. In

*Sheehy*, Plaintiffs allege that Defendant violated the Colorado Wage Claim Act by failing to

include Holiday Premium Pay in the calculation of overtime rates and by excluding Holiday

Premium Pay hours from the count of hours worked toward overtime eligibility after forty hours

in a workweek. ECF No. 73 at 1–2. In *Huber*, the named plaintiff alleges that Defendant failed to

pay Ms. Huber and other hourly workers all wages due because, among other things, Defendant

did not compensate time spent in COVID screenings, failed to provide compensated rest breaks,

and failed to compensate lunch breaks interrupted by work. ECF No. 73 at 2 (citing *Huber*, ECF

No. 56 at 8–14).

The proposed *Huber* class encompasses essentially the same group of Colorado hourly,

non-exempt employees (excluding pharmacists), and the *Sheehy* Plaintiffs are themselves

members of the *Huber* putative class. ECF No. 73 at 2 (quoting *Huber*, ECF No. 56 at 4). These

4

factual and legal similarities between the cases suggest that discovery and motions practice will overlap significantly, meaning that consolidation will facilitate a more efficient resolution of the litigation for both the Parties and the court. ECF No. 73 at 2–3.

Moreover, there is no indication that any Party will be prejudiced by consolidation. Both actions are pending before the same district judge and magistrate judge, the same attorneys have been appointed interim class counsel under Rule 23(g)(3) in both cases, and the matters have already been consolidated for purposes of deciding prior intervention motions filed by Fletcher Jones. ECF No. 73 at 3 (citing *Huber*, ECF Nos. 44, 51, 59). The Parties further represent that *Sheehy* and *Huber* are the subject of a unified proposed settlement that will soon be presented to the court, and no Party opposes consolidation or has identified any inconvenience, expense, or delay that would result from consolidation. ECF No. 73 at 1–3. The court is therefore persuaded that these two cases share common questions of fact and law that warrant consolidation under Rule 42(a).

Finally, the requirements of D.C.COLO.LCivR 42.1 are satisfied. The Joint Motion to Consolidate was filed in *Sheehy*, the lower-numbered case, and the Parties filed a notice of filing in *Huber*, and both actions are already assigned to the same district and magistrate judges. ECF No. 73 at 1, 3. In addition, on April 7, 2026, the Parties filed a Stipulation Consenting to Magistrate Judge's Jurisdiction to Decide Joint Motion to Consolidate, thereby consenting under 28 U.S.C. § 636(c) to the undersigned's jurisdiction for the limited purpose of deciding the Motion and entering a final order thereon. ECF No. 74 at 1–2. Under these circumstances, consolidation of *Huber* into *Sheehy* under the *Sheehy* case number is warranted.

**CONCLUSION**

For the foregoing reasons, the Joint Motion to Consolidate is granted, and *Huber* will be

consolidated into *Sheehy* under the *Sheehy* case number. Accordingly, it is **ORDERED**[1] that:

1. The Parties' Joint Motion to Consolidate (ECF No. 73) is **GRANTED**.

2. Pursuant to Federal Rule of Civil Procedure 42 and D.C.COLO.LCivR 42.1, the Clerk of

   Court shall **CONSOLIDATE** this case with *Huber v. Intermountain Health Care, Inc., et*

   *al.*, Civil Action No. 1:25-cv-02290-RMR-SBP.

3. The Clerk of Court is **DIRECTED** to conform the docket to reflect that *Huber v.*

   *Intermountain Health Care, Inc., et al.*, Civil Action No. 1:25-cv-02290-RMR-SBP, is

   **consolidated into the instant action and to administratively close** Civil Action No.

   1:25-cv-02290-RMR-SBP.

4. The Parties shall file all pleadings and papers in this action under the caption of: Civil

   Action No. 1:25-cv-00914-RMR-SBP Consolidated With Civil Action No.

   1:25-cv-02290-RMR-SBP.

5. All filings shall be made in Civil Action No. 1:25-cv-00914-RMR-SBP.

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").

6. The Parties are **ORDERED** to jointly contact Judge Prose's Chambers within 21 days of the

date of this Order for the purpose of scheduling a Status Conference to discuss case

management in the consolidated action, including preparation of a schedule for any motion

for preliminary approval of a proposed class settlement under Federal Rule of Civil

Procedure 23(e).

DATED: April 16, 2026                    BY THE COURT:

_____

Susan Prose
United States Magistrate Judge