**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 25-cv-00914-RMR-SBP

KERRY SHEEHY et al,

     Plaintiff,

v.

INTERMOUNTAIN HEALTH CARE, INC.,

     Defendant.

---

**ORDER ON EMERGENCY MOTION TO ENJOIN**

---

This matter comes before the Court on Intermountain Health Care, Inc.'s ("Defendant") Motion for Order to Enjoin Fletcher Jones and Counsel from Improper Communications with Class Members, Pursuant to All Writs Act, 28 U.S.C. § 1651(a) (the "Motion"), ECF No. 81. Plaintiffs filed an unopposed motion for Joinder ("Motion for Joinder") at ECF No. 82. The Court has reviewed all the briefing submitted by the Parties and third-party Fletcher Jones as well as the applicable case law. For the reasons set forth herein, Defendant's Motion, ECF No. 81 is **DENIED.** Plaintiffs' Motion for Joinder, ECF No. 82, is **DENIED** as **MOOT.**

Defendant's Motion and Plaintiffs' Motion for Joinder both request this Court issue an order enjoining Third Party Fletcher Jones from communicating with potential class

members, compel Fletcher Jones to issue a corrective communication and certify compliance by identifying all communication recipients by name and contact information. Plaintiffs' Motion for Joinder further requests this Court order Fletcher Jones to produce all communications with potential class members and appear for a deposition.

Fletcher Jones is a not a party in the present matter but is a named plaintiff in related State Court case *Fletcher Jones, individually and on behalf of all similarly situated persons v. Sisters of Charity Leavenworth Health System, Inc.,* Case No. 2025CV30029. In the present matter, Defendant and Plaintiffs are correct that the All Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," and that this power is not limited to parties in the original action, but "extends, under appropriate circumstances, to persons who ... are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." *Hillman v. Webley*, 115 F.3d 1461, 1468 (10th Cir. 1997) (citing to *United States v. New York Tel. Co.,* 434 U.S. 159, 172 (1977).

The Tenth Circuit has instructed that in order to obtain injunctive relief over a nonparty via the All Writs Act, the movant's burden is twofold: they must (1) satisfy the traditional injunction factors, and (2) meet the "appropriate circumstances" referred to in *New York Telephone* to justify an injunction over a third party. *Andrews v. Andrews,* 160

F. App'x 798, 800 (10th Cir. 2005).[1] For the sake of clarity, the traditional injunction factors the movant must meet are: "(1) [they] will suffer irreparable injury unless the injunction issues; (2) the threatened injury ... outweighs whatever damages the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood [of success] on the merits." *Id. see also Schrier v. Univ. Of Co.,* 427 F.3d 1253, 1258 (10th Cir. 2005).

Neither Defendant nor Plaintiffs have put forth sufficient facts, argument, or case law from within this District or Circuit to meet either burden outlined above. Therefore, neither party provided this Court with an avenue to exercise jurisdiction over a third party under the present circumstances. Moreover, at least three courts in this District have denied similar requests to exercise authority over third parties. *See e.g. Huggins v. Buchannan*, No. 24-CV-02403-PAB-TPO, 2026 WL 171587, (D. Colo. Jan. 22, 2026); *McKenzie v. City & Cnty. of Denver*, No. 21-CV-00833-PAB-STV, 2022 WL 22860719 (D. Colo. Nov. 28, 2022); and *McGee v. Pacheco*, No. 20-CV-00328-CMA-STV, 2020 WL 1872386 (D. Colo. Apr. 14, 2020).

For the foregoing reasons, ECF No. [81] is DENIED and ECF No. [82] is DENIED as MOOT.

---

[1] *See also Hunter v. Romero*, No. 19-CV-02969-CMA-NYW, 2021 WL 11634479, at *4 (D. Colo. June 8, 2021); *Session v. Carson*, No. 18-CV-00239-PAB-KLM, 2019 WL 5790665, at *5 (D. Colo. May 9, 2019).

DATED:  June 26, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge